# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| PETTER MAGNUS KARLSSON (3) | Case Number: 16CR1695-BEN |
| | JAMES D. HENDERSON |
| | Defendant's Attorney |

**USM Number** 60956298

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1962 (d) | Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity (RICO) | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  REMAINING  are  dismissed on the motion of the United States.

☒ Assessment : $100.00 FORTHWITH.
    _

☐ JVTA Assessment*: $
    *Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed  4/20/2018 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

August 19, 2019
Date of Imposition of Sentence

HON. Roger T. Benitez
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | PETTER MAGNUS KARLSSON (3) | Judgment - Page **2** of 7 |
| CASE NUMBER: | 16CR1695-BEN | |

## UNSUPERVISED PROBATION

The defendant is hereby sentenced to unsupervised probation for a term of:
FIVE (5) YEARS.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8. The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | PETTER MAGNUS KARLSSON (3) | Judgment - Page 3 of 7 |
| CASE NUMBER: | 16CR1695-BEN | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF UNSUPERVISED SUPERVISION

1. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

8                UNITED STATES DISTRICT COURT
9                SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr1695-BEN |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| PETTER MAGNUS KARLSSON (3), | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant PETTER MAGNUS KARLSSON (3) ("Defendant"), pursuant to Title 18, United States Code, Section 1963(a), as charged in the Indictment; and

WHEREAS, on or about April 13, 2017, Defendant pled guilty before Magistrate Judge William V. Gallo to Count 1 of the Indictment, which plea included consent to the forfeiture allegations of the Indictment, and an agreement to forfeit to the United States the amount of $139,834 as the amount of proceeds Defendant personally received from the offense of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d), which forfeiture shall be included and incorporated as part of the judgment in this case; and

WHEREAS, on July 10, 2017 this Court accepted the guilty plea of Defendant; and

1  WHEREAS, by virtue of the admissions of the Defendant set out in the plea
2  agreement and guilty plea, the Court determined that $139,834 (U.S. dollars)
3  represents the amount of proceeds that the Defendant personally obtained directly as
4  a result of the offense to which Defendant pled guilty, 18 U.S.C. § 1962(d), as
5  charged in the Indictment; and

6  WHEREAS, by virtue of said guilty plea and the Court's findings, the
7  United States is now entitled to an Order of Forfeiture in its favor against the
8  Defendant for the proceeds received by the Defendant in the amount of $139,834,
9  pursuant to 18 U.S.C. § 1963(a) and Rule 32.2(b) of the Federal Rules of Criminal
10 Procedure; and

11 WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
12 addendum, the United States has established the requisite nexus between the
13 $139,834 forfeiture and the offense; and

14 WHEREAS, the Defendant has agreed that the provisions for the substitution
15 of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States
16 may take actions to collect the forfeiture; and

17 WHEREAS, Defendant has agreed that, provided he does not violate his
18 conditions of release and makes all court appearances such that the $100,000 cash
19 bond currently posted with the Court is not forfeited as part of the bond agreement,
20 the $100,000 will be paid directly to the United States as partial satisfaction of the
21 forfeiture obligation; and

22 WHEREAS, the United States, having submitted the Order herein to the
23 Defendant through his attorney of record, to review, and no objections having been
24 received;

25 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

26 1.    Defendant PETTER MAGNUS KARLSSON (3) shall forfeit to the
27 United States the sum of $139,834 pursuant to 18 U.S.C. § 1963(a), representing the
28 amount of proceeds Defendant received from his offense of conviction, which

forfeiture is in favor of the United States against Defendant PETTER MAGNUS KARLSSON, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

2. Provided the Defendant does not violate his conditions of release and makes all court appearances such that the $100,000 cash bond currently posted with the Court is not forfeited as part of the bond agreement, the $100,000 shall be paid by the Clerk of Court to the United States for application to the forfeiture.

3. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture.

4. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

5. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $139,834 to satisfy the forfeiture in whole or in part.

7. The United States may take any and all actions available to it to collect and enforce the forfeiture.

DATED: 4/10/2018

Hon. Roger T. Benitez
United States District Judge